

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. 0-6992

Re: Authority of the County
Auditor to approve issuance
of a warrant to the County
Judge in payment for ser-
vices as a member of the
County Juvenile Board under
the provisions of House Bill
331, Acts 1945, 49th Leg.
(Art. 5139, V. A. C. S.).

Your letter of December 12, 1945, requesting an opinion of this department, pertains to Article 5139, Revised Civil Statutes, as amended by the Acts of 1945, 49th Legislature, Chapter 266, effective May 26, 1945. We quote from your letter wherein you refer to this Act, being House Bill 331, as follows:

". . . . .

"In Galveston County, the two District Judges have been paid an annual salary of $600.00 at the rate of $50.00 per month, as stipulated in the act of the 46th Legislature. The County Judge is mentioned as a member of this Board, but did not receive compensation as same was not provided for him.

"In the act passed by the 49th Legislature amending Article 5139, provision was made for compensation of not less than $600.00 per annum and not more than $1,200.00 per annum, which also is to be paid to the County Judge as well as the District Judges, in twelve equal install-ments.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"AS the County Judge receives a salary of $4,750.00 from the Officers' Salary Fund in monthly installments, your opinion is respectfully requested if I am authorized to approve a claim and sign a warrant payable to the County Judge as provided for in the amendment to Article 5139."

Article 5139, V. A. C. S., as amended by House Bill 331, 49th Legislature, provides:

"In any county having a population of more than seventy thousand (70,000) inhabitants and less than one hundred thousand (100,000) inhabitants, according to the last preceding Federal Census, the judges of the several district and criminal district courts of such county, together with the county judge of such county, are hereby constituted a Juvenile Board for such county. The members composing such Juvenile Board in such county shall each be allowed additional compensation of not less than Six Hundred Dollars ($600) per annum and not more than Twelve Hundred Dollars ($1200) per annum, which shall be paid in twelve equal installments out of the general fund of such county, such annual aditional compensation to be fixed by the Commissioners Court of such county.

"In any county having a population of one hundred thousand (100,000) or over, according to the preceding Federal Census, the judges of several district and criminal district courts of such county, together with the county judge of each county, are hereby constituted a Juvenile Board of such county. The annual salary of each of the judges of the civil and criminal district courts of such county as members of said board shall be Fifteen Hundred Dollars ($1500) in addition to that paid the other district judges of the State, said additional salary to be paid monthly out of the general funds of such county, upon the order of the Commissioners Court."

The sole and express purpose of the amendment was to provide for the existence of a County Juvenile Board in certain counties where none previously existed, towit, counties having a population of more than 70,000 inhabitants and less than 100,000 inhabitants, according to the last preceding Federal Census, and to provide additional annual compensation to the members of the newly constituted Board. The last preceding Federal Census of 1940 places the Counties of Cameron and Nueces, along with Galveston, within the population bracket of this Act.

The foregoing law specifically provides that each member of the Juvenile Board shall be allowed additional compensation of not less than Six Hundred ($600) Dollars per annum and not more than Twelve Hundred ($1200) Dollars per annum, which Board includes the County Judge of Galveston County as a member. Being an amendment of the original act, which has been construed by our Courts with reference to the salary of District Judges, the language of the amending portion is sufficient to carry with it the construction placed upon the original amended portion of the act. Jones v. Alexander, 59 S. W. (2d) 1080; Holland et al v. Harris County, 102 S. W. (2d) 196; 39 Tex. Jur., p. 175.

It is therefore our opinion that the County Auditor of Galveston County is authorized to approve a warrant properly issued to the County Judge in accordance with the provisions of Article 5139, V. A. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:RLT

1945